UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIPE DE JESUS LABRADA
RINCONCILLO (A# 246-929-221),

        Petitioner,

    v.

WARDEN,

        Respondent.

No.  1:26-cv-03427 DC SCR

ORDER &

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.**    **Factual and Procedural Background**

The undisputed record in this case demonstrates that Petitioner, a citizen and national of Mexico, most recently entered the United States without inspection sometime in 2025.  ECF No. 1 at 6; ECF No. 7-1 at 3.  On January 7, 2026, officers with the Duncanville (Texas) Police Department arrested Petitioner for assault of a pregnant person under Texas Penal Code § 22.01(b)(8).  ECF No. 7-1 at 2.  County officials rejected the charge on April 6, 2026, without

1

pre-trial diversion.  Id.  On April 9, 2026, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE") and administratively charged under 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole).  Id. at 3; ECF No. 7-4 (Notice to Appear).  He is currently detained in the Golden State Annex, within this judicial district.  ECF No. 1 at 2.

Petitioner filed the instant § 2241 petition on May 4, 2026, alleging that his ongoing, prolonged detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 17-18.  By way of relief, Petitioner seeks immediate release or, in the alternative, a custody redetermination hearing before an Immigration Judge ("IJ") where the government bears the burden of proof by clear and convincing evidence.  Id. at 18.  Respondent opposes the petition on grounds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and not entitled to bond hearing.  ECF No. 7 at 1-2.  Respondent further argues that because Petitioner's form petition challenges prolonged detention, he does not contest the lawfulness of his detention under 8 U.S.C. § 1225(b)(2).  Id. at 2.

II.    Analysis

As an initial matter, the undersigned liberally construes the petition as alleging that Petitioner's immigration detention without bond violates the Due Process Clause.  The framing of Petitioner's claim as a challenge to his "ongoing *prolonged* detention without hearing," ECF No. 1 at 2, ¶ 3 (emphasis added), i.e., detention of longer than six months, is due to the nature of the form petition he used.  The undersigned must "construe *pro se* habeas petitions liberally," Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003), and will not penalize petitioner for filing his petition on a form that does not fully reflect the technical circumstances of his detention.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (a court must not hold "missing or inaccurate legal terminology" against incarcerated, pro se litigants).

Turning to the merits, the assigned District Judge has followed the majority view that 8 U.S.C. § 1226(a), rather than § 1225(b)(2), "is the appropriate section to apply in cases in which a noncitizen is already living in the United States."  Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026); see also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May

2

18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)).  The undersigned agrees and finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody re-determination hearing before an Immigration Judge.

Accordingly, the undersigned recommends that the petition be granted on its sole due process claim.  Because Respondent does not assert any alternative basis for Petitioner's detention, and does not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the undersigned finds that the appropriate relief is Petitioner's immediate release.  See Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("[T]he proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release") (citing Zuniga Cruz, 2026 WL 890471, at *4)).

**CONCLUSION**

Accordingly, it is ORDERED that Petitioner's motion for appointed counsel be DENIED as unnecessary in light of the recommendation that the petition be granted.

Further, IT IS HEREBY RECOMMENDED that:

1.     Petitioner Felipe De Jesus Labrada Rinconcillo (A# 246-929-221) petition for a writ of habeas corpus be granted as follows:

    a.  Respondent shall IMMEDIATELY RELEASE Petitioner from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions.

    b.  Respondents may place Petitioner on standard conditions of supervision upon release; and

    c.  Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner

unless they first provide him with a bond hearing pursuant to 8 C.F.R. § 1236.1(d)(1).

2. Respondents' motion to dismiss petition for writ of habeas corpus (ECF No. 7) be DENIED.

3. Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The Court of the Clerk be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE